

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
OFFICE OF THE CLERK
500 PEARL STREET
NEW YORK, NEW YORK 10007

RUBY J. KRAJICK
CLERK OF COURT

February 25, 2022

<u>BY ECF AND OVERNIGHT MAIL</u>

Mark David Smilow
WeissLaw LLP
1500 Broadway, Suite 1601
New York, NY 10036

Christian Levis
Lowey Dannenberg P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601

Deborah Clark-Weintraub
Scott + Scott, L.L.P.( NYC)
230 Park Avenue, 17th Floor
New York, NY 10169

Adam Selim Hakki
Shearman & Sterling LLP (NY)
599 Lexington Avenue
New York, NY 10022

Jonathan L. Marcus
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005

David Robert Allen
Finn Dixon & Herling LLP
Six Landmark Square
Stamford, CT 06901

David Harrison McGill
Kobre & Kim LLP (NYC)
800 Third Avenue
New York, NY 10022

    Re: 1:19-cv-06002-LJL, <u>In Re: Merrill, BOFA and Morgan Stanley Spoofing Litigation</u>
        1:19-cv-06488-LJL, <u>Alishaev et al v. Merrill Lynch Commodities, Inc., et al.</u>

Dear Counsel,

    I have been contacted by Judge Lewis J. Liman, U.S.D.J., who presided over the above-mentioned cases.

Notice to Counsel of Record
February 25, 2022
Page 2

      Judge Liman informed me that it has been brought to his attention that while he presided over the cases, his wife owned stock in Bank of America Corporation. His wife's stock ownership is imputed to Judge Liman. That ownership of stock neither affected nor impacted his decisions in this case. However, that stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Liman directed that I notify the parties of the potential conflict.

      Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

      Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

      If you wish to respond to the disclosure of a potential conflict in this matter, please file your response in the above-named case. Any response will be considered by another judge of this court without the participation of Judge Liman.

Sincerely,

Ruby J. Krajick
Clerk of Court

cc: Hon. Lewis J. Liman, U.S.D.J.